IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| Joshua Walter Lance, | ) | |
| | ) | |
| | ) | Civil Action No. 7:15-187-TMC-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Officer James Owens and | ) | |
| The Cowpens Police Department, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff is a pre-trial detainee at the Spartanburg County Detention Center.  The plaintiff has brought suit against James Owens, who is an officer for the Cowpens Police Department, and the Cowpens Police Department.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out the plaintiff's pending criminal case, wherein he is charged with criminal sexual conduct (second degree).  The plaintiff complains about how Officer Owens conducted his investigation (doc. 1 at 3–4).  The plaintiff also contends that Officer Owens, who is a narcotics officer and canine (K-9) officer, was not qualified to conduct a sexual assault investigation (*id*. at 6).  The plaintiff seeks compensation for his arrest and for slander (*id*.).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.

*Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Public Index for the Spartanburg County Clerk of Court website (http://publicindex.sccourts.org/Spartanburg/PublicIndex, last visited on Jan. 14, 2014) reveals that on August 21, 2014, the plaintiff was indicted for criminal sexual conduct (Indictment No. 2014-GS-42-3510) and that the plaintiff had been arrested on this charge on December 2, 2013 (Warrant No. 2013A4210204209). *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

As a result of the plaintiff's indictment, his claims of false arrest fail.  A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007). Moreover, the plaintiff has not raised a valid claim of malicious prosecution because the charge has not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

The plaintiff has failed to show that the events alleged in this case were the result of any governmental policy of the Cowpens Police Department.  *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 131 S.Ct. 447, 449–51 (2010); and *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  Furthermore, the doctrine of

2

respondeat superior (or supervisory liability) is inapplicable to § 1983 suits. *See Polk Cnty.* *v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); and *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.


January 15, 2015                                    s/ Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).